## In re DOANE.

### Patent Appeal No. 3520.

Court of Customs and Patent Appeals.
June 3, 1935.

Church & Church, of Washington, D. C. (Melville Church and Halbert P. Brown, both of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The invention involved in this appeal relates to a method of packaging cheese and the packaged article, which method is intended to permit the ripening of cheese in the package and at the same time prevent the accumulation of mold or the formation of surface hardening on the cheese.

Applicant's method consists broadly in hermetically sealing cheese in a container containing atmospheric air and having a preservative gaseous envelope around the cheese made possible by leaving space for air in the container. Ordinarily the applicant cuts a large cheese into small pieces of desired shape and weight, and wraps each piece loosely with a suitable wrapper, such as waxed paper, so as to permit a space between the cheese and the loose wrapper to serve as an envelope for holding, in immediate contact with the cheese, the gases which develop during the ripening of the cheese. Appellant teaches the usefulness of the presence in the sealed can of atmospheric air, and prefers that not more than 80 per centum of the container will be occupied by the cheese. Appellant urges that by his process mold and rind is prevented from accumulating on the cheese, its natural moisture is retained, and gradual ripening takes place in such a way as to enable a dealer to supply consumers with cheese in different stages of ripeness as desired.

The Primary Examiner of the United States Patent Office denied all appellant's claims except claims 10 and 14. These claims are specifically limited in the amount of cheese contained in each can or to the percentage of gaseous content of the can.

Upon appeal, the Board of Appeals held that there were no references which disclosed the idea expressed in some of the rejected claims of loosely wrapping the pieces of cheese so as to provide an envelope for the protective gases, and the decision of the Examiner was reversed as to claims 2, 6, 7, 12, and 13.

Appellant has appealed from the decision of the Board affirming the decision of the Examiner in rejecting claims 1, 3, 4, 5, 8, 9, 11, 18, 19, and 20.

As covering the whole scope of invention disclosed in appellant's application, we think claims 1, 12 (allowed), 18, 19, and 20 should be copied here. They follow:

"1. The method of packaging cheese and preventing the growth of mold thereon which consists in cutting a large cheese into a plurality of comparatively small subdivisions and loosely confining the subdivisions in a container and retaining a preservative gaseous envelope surrounding the surfaces of the sub-divisions."

"12. A package of cheese comprising a plurality of small sub-divisions wrapped in a gas retaining covering and sealed in a container said sub-divisions being loosely confined in said container and there being a film of preservative gas between the sub-divisions and their coverings."

"18. The method of handling cheddar cheese which consists in packaging the cheese during ripening in a container which will retain the preservative gaseous atmosphere produced by the cheese to prevent the growth of mould thereon, said

container at the time of packaging having space provided therein for atmospheric air.

"19. The method of handling cheddar cheese which consists in packaging the cheese during ripening in a container which will retain the preservative gaseous atmosphere produced by the cheese to prevent the growth of mould thereon, said container at the time of packaging having space provided therein for atmospheric air, and then raising the temperature of the package to a point above the temperature of the cheese at the time of sealing the container.

"20. The method of packaging cheese which consists in partially ripening the cheese in the presence of atmospheric air, then dividing the partially ripened cheese into a plurality of sub-divisions, depositing and sealing said sub-divisions in a container which will retain the preservative gaseous atmosphere produced by the cheese to prevent the growth of mould thereon, said container at the time of packaging and sealing having a space provided therein for atmospheric air and then raising the, temperature of the package to a point above the temperature of the cheese at the time of sealing the container."

The references relied upon by the Examiner are: Kavanagh, 1,042,119, October 22, 1912; Massé, 1,054,433, February 25, 1913; Howell, 1,057,552, April 1, 1913; Rogers, 1,842,365, January 19, 1932; Stevenson, 1,868,547, July 26, 1932; Oregon Ag. Exp. Sta. Bulletin No. 78, 1904, pp. 4, 5, by Dernot.

The Board did not discuss all the references, but gave particular attention to the article by Dernot and the patents to Rogers and Stevenson. The references Kavanagh, Massé and Howell may be disposed of by calling attention to the fact that Massé and Howell relate to packages of cheese with wrappers of paper or tinfoil, which wrappers are placed in intimate contact with the surface of the cheese so as to exclude all air from the surface of the cheese. The same is true with reference to Kavanagh, except that he makes small perforations in his waxed wrapping paper, which comes in intimate contact with the cheese, for the purpose, he states, of permitting the escape of the gases. In no one of these references is there a space left for holding an accumulation of gas, nor is there any sealed container surrounding the cheese.

The container in the patent to Rogers is sealed against the ingress of air, and valves or apertures are placed at the top and bottom of the container so as to permit the escape of gas generated by the cheese. No use is made of atmospheric air. Rogers teaches that to prevent molding the presence of oxygen is undesirable.

Stevenson taught that in packaging cheese it is necessary to exclude the air from the package, and he removed the same by extraction and then admitted an inert gas such as carbon dioxide or nitrogen.

In the Oregon Agricultural Experimental Station Bulletin No. 78 by Dernot, green or uncured cheese is tightly packed in a container and pressed down with an instrument similar to a potato masher. In order to get the can completely filled, it is necessary to insert a tin shell around the top of the can and then exert additional pressure. Then Dernot states: "It was found necessary to remove a small portion of the curd from immediately beneath where the cover was to be soldered, as the fat and moisture oozed out and interfered with soldering."

It is here pointed 'out by the Solicitor that the small amount of curd removed for the above purpose would permit a slight quantity of air, and this reference was chiefly relied upon as disclosing the presence of atmospheric air in the process of curing cheese.

It is contended by the appellant, and we think correctly, that there is no reference which teaches the desirability of the presence of atmospheric air in the sealed container. Dernot, on the contrary, only taught the removal of sufficient material to permit the soldering of the cover. He states that the cheese so packed will ripen, but, if so, it is obvious that it does not ripen in the same manner as is taught by appellant. In view of the fact that there is no prior art reference of record which discloses the utilization of atmospheric air in connection with an envelope immediately around the cheese consisting of the gas which comes from the cheese, we are of the opinion that this phase of appellant's disclosure is novel and inventive. We have therefore examined the rejected claims with a view of determining whether they define this feature of appellant's invention without being so broad as to read upon the prior art.

Claims 1, 3, 4, 5, 8, 9, and 11 all relate to a method or the package which calls for a separate gaseous envelope or gaseous atmosphere around the small cuts of cheese. Stevenson taught the presence of an inert gas such as carbon dioxide or nitrogen, and we think the last above-named claims are so broad as to read upon Stevenson, and therefore were properly rejected.

Claims 18, 19, and 20, however, call for the presence of atmospheric air inside the package and also a preservative gaseous atmosphere. It is true that claims 18 and 19 are limited to cheddar cheese and that claim 20 calls for partially ripening the cheese before cutting and sealing the same. We think that the method of said claims 18, 19, and 20 possesses inventive novelty and that the claims should have been allowed.

The decision of the Board of Appeals is modified. It is affirmed as to claims 1, 3, 4, 5, 8, 9, and 11, and reversed as to claims 18, 19, and 20.